**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 05-cr-00425
(Civil Action No. 16-cv-01119-REB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. Aaron Bowen,

    Defendant-Movant.

## ORDER DENYING § 2255 MOTION TO VACATE

**Blackburn, J.**

This matter is before me on the **28 U.S.C. § 2255 Motion To Vacate Sentence** [#611][1] filed May 14, 2016. The government filed an answer [#614], and the defendant filed a reply [#622]. In addition, the government filed a notice of supplemental authority [#630]. I deny the motion.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner claiming the right to be released on the ground that his federal sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," may move to have his sentence vacated, set aside, or corrected.

---

[1] "[#611]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  BACKGROUND

A jury convicted the defendant, Aaron Bowen, of (1) retaliation against a witness; (2) conspiracy to retaliate against a witness; and (3) brandishing of a firearm in furtherance of a crime of a crime of violence. *Amended Judgment* [#474].  Mr. Bowen was found guilty of the brandishing offense in relation to both the retaliation against a witness conviction and the conspiracy to retaliate conviction.  He was sentenced to 77 months in prison for the first two crimes.  The brandishing offense resulted in a sentence enhancement of an additional, consecutive 84 months under 18 U.S.C. § 924(c).  His convictions were affirmed on direct appeal.  ***United States v. Bowen***, 527 F.3d 1065, 1080 (10th Cir. 2008).

In his present motion, Mr. Bowen challenges the sentence enhancement based on his brandishing of a firearm in furtherance of a crime of violence.  This sentence enhancement is defined by 18 U.S.C. § 924(c)(1)(A)(ii).  This particular subsection provides for a sentence enhancement when, during and in relation to a crime of violence, the defendant brandishes a firearm.  For Mr. Bowen to be subject to a sentence enhancement under this portion of § 924(c), at least one predicate offense must have been a "crime of violence."  Here, the predicate offenses were retaliation against a witness and conspiracy to retaliate against a witness.  A sentence for a § 924(c) offense must be "in addition to," meaning consecutive to, the punishment provided for the underlying crime of violence.

Section 924(c) defines the term "crime of violence" as an offense that is a felony and that -

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). I will refer to paragraph (A) as the elements clause and paragraph (B) as the risk of force clause. Both witness retaliation and conspiracy to retaliate against a witness are felonies.

Mr. Bowen asserts that his sentence enhancement under § 924(c)(1)(A)(ii) must be vacated. He makes two arguments to support of this contention. First, Mr. Bowen contends that neither of the two predicate offenses, retaliation against a witness and conspiracy to retaliate against a witness, fits the definition of a crime of violence under the physical force clause § 924(c)(3)(A). If that is true, then the two predicate offenses may be considered crimes of violence only if they fit the definition under the risk of force clause, § 924(c)(3)(B).

Second, Mr. Bowen contends that the risk of force clause now is invalid because it is void for vagueness. This argument is based on the ruling of the Supreme Court of the United States that a somewhat similar provision in the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *See  Johnson v. U.S.*, ___ U.S. ___, ___, 135 S.Ct. 2551, 2563 (2015). If neither of his predicate crimes fit the definition of a crime of violence stated in § 924(c)(3)(A) and if § 924(c)(3)(B) is void under *Johnson*, then, Mr. Bowen asserts, his § 924(c) sentence enhancement must be vacated.

In response, the government contends the motion was not filed within the one year period of limitation provided in § 2255(f). Generally, that one year period begins to run on the date the conviction in question became final. The convictions of Mr. Bowen became final when the Supreme Court denied his petition for certiorari on October 6, 2008. *Bowen v. U.S.*, 555 U.S. 930 (2008). His present motion was filed on May 14,

2016, more than seven years after his convictions became final.

Mr. Bowen claims he is entitled to the benefit of the extended period of limitation provided in § 2255(f)(3).  Under that subsection, a § 2255 motion may be filed within one year of

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(3). Mr. Bowen contends he is asserting the right newly recognized by the Supreme Court in **Johnson** and he has asserted that right within one year of the date on which this new right was recognized by the Supreme Court.  The rule in **Johnson** applies retroactively.  **Welch v. U.S.**, ___ U.S. ___, 136 S.Ct. 1257, 1265 (2016).  The nature of the claim asserted by Mr. Bowen determines whether or not he asserts here the right newly recognized in **Johnson**.  Only if he is asserting that newly recognized right may he properly claim the benefit of the limitations period under § 2255(f)(3).

### III.  ANALYSIS

#### A.  Nature of The Claim Asserted

Mr. Bowen contends neither witness retaliation nor conspiracy to retaliate against a witness fits the definition of a crime of violence stated in § 924(c)(3)(A), the elements clause, because neither of these predicate offenses has as an element the use, attempted use, or threatened use of physical force against the person or property of another.  Concerning the crime of witness retaliation, Mr. Bowen is clearly incorrect.

This issue calls for application of the categorical approach.  **U.S. v. Serafin**, 562 F.3d 1105, 1107 - 1108 (10th Cir. 2009).  Under the categorical approach, the court must look to the elements of the predicate conviction, rather than to the specific conduct

4

giving rise to that conviction, when determining if a predicate conviction qualifies as a crime of violence. *See U.S. v. Descamps*, ___ U.S. ___, ___, 133 S. Ct. 2276, 2283 (2013) (applying 18 U.S.C. § 924(e)).  Based on the statutory elements of witness retaliation, as charged against Mr. Bowen, witness retaliation constitutes a crime of violence under § 924(c)(3)(A).

The crime of witness retaliation is defined in 18 U.S.C. § 1513.  Mr. Bowen was charged under § 1513(b), which includes as elements the requirements that the defendant "knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so . . . ." 18 U.S.C. § 1513(b).  Section 1513(b) does not provide alternative versions of this crime with alternative elements.  Witness retaliation as defined in § 1513(b) includes as a necessary element "the use, attempted use, or threatened use of physical force against the person or property of another," as required by § 924(c)(3)(A).  Mr. Bowen's conviction for witness retaliation readily falls within the elements clause of § 924(c)(3)(A).  Thus, that conviction constitutes a crime of violence as defined in § 924(c)(3)(A).

Mr. Bowen contends also that his conviction for conspiracy to retaliate against a witness does not fall within the elements clause of § 924(c)(3)(A).  For purposes of the present motion, I assume without deciding that this conspiracy conviction does not fall within § 924(c)(3)(A).  Indulging that assumption, the conspiracy conviction may be considered to be a crime of violence under § 924(c) only if this conviction falls within the risk of force clause, § 924(c)(3)(B).  Mr. Bowen contends the risk of force clause now is invalid after the ruling of the Supreme Court of the United States that a similarly worded provision in the Armed Career Criminal Act (ACCA) is unconstitutionally vague.  *See*

*Johnson v. U.S.*, ___ U.S. ___, ___, 135 S.Ct. 2551, 2563 (2015).  In *Johnson*, the Supreme Court held that the imposition of an enhanced sentence under the residual clause of § 924(e)(2)(B)(ii) violates the due process guarantee of the Constitution of the United States.  ___ U.S. ___, ___, 135 S.Ct. 2551, 2563 (2015).  That is true, the Court held, because the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague.  *Id*. at ___, 135 S.Ct. at 2557.

In *Johnson*, the Supreme Court voided part of 18 U.S.C. § 924(e)(2)(B)(ii) which defined the term "violent felony."  The so-called residual clause of § 924(e)(2)(B)(ii) defined "violent felony" to include any offense that "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  According to *Johnson*, this language required courts to apply an imprecise measurement of risk to a "judge-imagined abstraction" of what the "ordinary case" of a crime would look like.  *Johnson*, ___ U.S. at ___, 135 S. Ct. at 2557.  In the view of the *Johnson* Court, by using the phrase "involves conduct," the residual clause "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements."  *Id*.  Moreover, the phrase "serious potential risk of physical injury" leaves "too much uncertainty about how much risk it takes for a crime to qualify as a violent felony."  *Id*.  When combined, these two sources of indeterminacy result in "more unpredictability and arbitrariness than the Due Process Clause tolerates."  *Id*. ___ U.S. at ___, 135 S. Ct. at 2558.

In his motion, Mr. Bowen contends the holding in *Johnson* concerning the language of the residual clause of § 924(e)(2)(B)(ii) is directly applicable to § 924(c)(3)(B) and mandates the invalidation of § 924(c)(3)(B).  The government argues that *Johnson* is inapposite to § 924(c)(3)(B).

6

B.  Timeliness

Section 2255(f)(3) provides an expanded period of limitations for motions under § 2255 only when the motion asserts a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Thus, the key question here is whether or not Mr. Bowen asserts a right newly recognized by the Supreme Court in *Johnson*.  I conclude that Mr. Bowen is not asserting the right newly recognized in *Johnson*.  Therefore, I conclude Mr. Bowen is not entitled to the benefit of the expanded period of limitations provided in § 2255(f)(3). Thus, his claim under § 2255 is time-barred.

The language on which the sentence enhancement of Mr. Bowen is based, the language of § 924(c)(1)(A)(ii) and (c)(3)(B), differs significantly from the language invalidated in *Johnson*.  Section 924(c)(3)(B) describes a predicate offense which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The residual clause at issue in *Johnson* described a crime that "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

Mr. Bowen contends the rule established in *Johnson* applies equally to the language of § 924(c)(3)(B).  He contends § 924(c)(3)(B) entails judicial measurement of the risk posed by imagining the ordinary case of a particular offense, rather than looking to the facts of a particular case.  In addition, he contends this subsection describes the level of risk required in imprecise terms. I disagree.

*Johnson* does not address the language of § 924(c)(1)(A)(ii) and (c)(3)(B), the language challenged by Mr. Bowen.  Rather, *Johnson* addresses the different language used in the residual clause of the ACCA at § 924(e)(2)(B)(ii).  The United

States Court of Appeals for the Tenth Circuit has recognized that the language of § 924(c)(3)(B) narrower in scope than the language of the residual clause of the ACCA at § 924(e), the language at issue in ***Johnson***. ***U.S. v. Serafin***, 562 F.3d 1105, 1108–09 (10th Cir. 2009). First, § 924(c)(3)(B) has a temporal limitation not present in the residual clause of § 924(e). The risk of physical force in § 924(c)(3)(B) must occur in the course of committing the underlying predicate felony offense. This temporal limitation is not present in the residual clause of the ACCA at § 924(e)(2)(B)(ii), which covers a wide variety of past crimes. Second, the residual clause at § 924(e)(2)(B)(ii) addresses a more focused risk – the risk that physical force or the threat of such force will be used during the underlying predicate offense – as opposed to the general risk that injury might arise from anything done by the defendant in the course of past crime(s), the broader risk described in the residual clause of § 924(e). Third, the scope of § 924(c)(1)(A)(ii) and (c)(3)(B) is narrowed further because this sentence enhancement applies only when a firearm is present. That distinct limitation is not a part of the broader residual clause of § 924(e)(2)(B)(ii). Fourth, § 924(c)(1)(A)(ii) and (c)(3)(B) define a criminal offense which requires a determination of guilt beyond a reasonable doubt by a jury. In contrast, the residual clause of § 924(e)(2)(B)(ii) is applicable without a jury determination of guilt beyond a reasonable doubt.

These key differences compel the conclusion that Mr. Bowen is not asserting the right newly recognized in ***Johnson***, which applied due process vagueness limitations to specific language in the residual clause of the ACCA in § 924(e)(2)(B)(ii). Here, Mr. Bowen challenges significantly different and significantly narrower language which is applicable in a significantly different, and narrower context. For purposes of § 2255(f)(3), the right recognized in ***Johnson*** is limited to the particular language at issue

in *Johnson*. That right does not encompass the significantly different and narrower language and context at issue here, the language and context of § 924(c)(1)(A)(ii) and (c)(3)(B).

I note that the Tenth Circuit has extended the rationale of *Johnson* to the language of 18 U.S.C. § 16(b), which also defines the term "crime of violence." *Golicov v. Lynch*, 837 F.3d 1065, 1075 (10th Cir. 2016) (addressing § 16(b) as incorporated by the Immigration and Nationality Act). The language of § 16(b) is essentially identical to the language used in § 924(c)(3)(B). The *Golicov* holding augurs in the direction of the position taken by Mr. Bowen, but it does not compel a different conclusion concerning the applicability of § 2255(f)(3). First, a holding by the Tenth Circuit does not *ipso facto* make § 2255(f)(3) applicable. Only a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review triggers the application of § 2255(f)(3).

Second, the holding that § 16(b) is void for vagueness under the *Johnson* rationale does not compel the conclusion that § 924(c)(3)(B) is also void for vagueness. As noted in this order, § 924(c)(1)(A)(ii) and (c)(3)(B) provide language and a context significantly different and significantly narrower than § 924(e)(2)(B)(ii) and § 16(b).

> As the *Johnson* Court determined, no doubt should be cast upon laws that apply a qualitative risk standard to "*real-world facts or statutory elements.*" *See* [*Johnson*, 135 S. Ct.] at 2557, 2561 (emphasis added). Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt – by a jury, in the same proceeding. This makes all the difference.

*Shuti v. Lynch*, 828 F.3d 440, 449 (6th Cir. 2016).

Certainly *Johnson* can be read to provide some support for the argument asserted by Mr. Bowen, but the significant differences in the relevant statutory language

9

and the context in which that language is applicable, as outlined above, demonstrate that Mr. Bowen is not asserting the right newly recognized in *Johnson*. Because Mr. Bowen is not asserting in his motion a right newly recognized by the Supreme Court, Mr. Bowen is not entitled to the benefit of the expanded period of limitations of § 2255(f)(3). Rather, he is subject to the one year period of limitations stated in § 2255(f)(1). The present motion of Mr. Bowen was filed well outside that one year period of limitations. Therefore, the motion must be denied.

## IV.  CONCLUSION & ORDERS

Mr. Bowen is not asserting a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the extended period of limitations of § 2255(f)(3) is not applicable to his motion. The motion of Mr. Bowen was filed years after the applicable one year period of limitations of § 2255(f)(1). Thus, his motion must be denied.

**THEREFORE, IT IS ORDERED** that the **28 U.S.C. § 2255 Motion To Vacate Sentence** [#611] is denied.

Dated January 12, 2017, at Denver, Colorado.

**BY THE COURT:**.

Robert E. Blackburn
United States District Judge